[Civ. No. 7898. Second Appellate District, Division Two.—July 31, 1931.]

In the Matter of the Estate of EDGAR J. MICKLEY, etc., Deceasèd. ALBERT J. MICKLEY, etc., et al., Respondents; CITIZENS' NATIONAL TRUST & SAVINGS BANK (a Corporation), Executor, etc., Appellant.

Clay & Handy, William U. Handy and Edgar G. Pratt for Appellant.

Jones, Stephenson, Palmer & Moore and William Fleet Palmer for Respondents.

THOMPSON (IRA F.), J.—This is an appeal from an order granting a motion for a new trial in a will contest where the jury found in favor of the proponent on the issue of incompetency. ▮ The order does not indicate that it was granted on account of the insufficiency of the testimony, and therefore under the provisions of section 657 of the Code of Civil Procedure we must indulge the presumption that the order was not based upon that ground.

▮ The respondents direct our attention to two instructions given by the trial judge which they say were erroneously given and which justify the order appealed from. They read as follows:

"You are instructed that under the laws of this state a testator leaving legal heirs may not leave more than one-third of his estate to any charitable or benevolent society or corporation, and if he attempts to do so, all over the one-third shall go to the residuary legatees, next of kin, or heirs, according to law."

"You are instructed that every person is presumed to know the law and if you find from the evidence that the testator was of sound and disposing mind at the time he made the will or the codicil thereto, you must find that he knew that under the terms of his will as modified by the codicil thereto the Philadelphia Home for Incurables would take but one-third of his estate at the death of his wife, and that his brother, or his heirs would take one-third, and that his niece or her heirs would take one-third, unless by the preponderance of the evidence introduced in the case you are satisfied in your mind that the contrary was true."

There were two instruments, the one dated November 7, 1928, and being the will of decedent, and the other a codicil thereto executed November 13, 1928. They had been admitted to probate prior to the contest. By their provisions

the deceased left his entire estate, with the exception of $5,000 given to contestant Miriam Mickley by the codicil, to the Fidelity-Philadelphia Trust Company, in trust for the purposes of paying the income therefrom to his widow, Wylma Mickley, for the term of her life, and upon her death the principal, together with accruing rents and profits to be paid over to the Philadelphia Home for Incurables. The codicil, in addition to the legacy mentioned, changed the executor from the Fidelity-Philadelphia Trust Company to the Citizens National Trust & Savings Bank of Los Angeles, and also declared that testator was a resident of California. In this state of affairs it was one of the arguments of the contestants to convince the jury that testator was not of sound mind at the times in question, that these wills were unnatural, i. e., that no provision was made for the natural object of decedent's bounty, his brother, Albert J. Mickley, and only the $5,000 legacy to his niece Miriam Mickley, the daughter of a deceased brother, out of an estate approximating $250,000. On the other hand, appellant introduced a conversation in which one of counsel for appellant and the one who drew the will and codicil for the testator informed Mr. Mickley that under the law of California the Philadelphia Home for Incurables could take only one-third of his estate and that the other two-thirds would go to his brother and niece. In appellant's brief it is said that the instructions quoted were proposed by it ''to show that the will and codicil were not unnatural''. Herein lies the very vice of the instructions. Appellant was desirous of and for the time being succeeding in securing the judge to assist it in making the argument that the will and codicil were not unnatural. The question of whether the philanthropic institution should take or the contestants should take was not in issue, and evidently in granting the new trial the judge was of the opinion that as a comment upon the fact, they must have had an effect upon the jury, perhaps causing them to believe that contestants were amply provided for, and hence inducing them to improperly discredit testimony tending to support the case of contestants upon the issue they were, in fact, trying. It must be apparent that we are not able to appreciate as thoroughly as could the trial judge the influence these instructions may have had upon the jury. He was familiar

with the atmosphere of the trial and unless it be apparent that he was in error we ought not to disturb his ruling.

It is obvious, therefore, that the order should not be reversed unless, as it is argued by appellant, there was not sufficient evidence adduced by the respondents to warrant the case being submitted to the jury. But it is manifest that the evidence in this regard was sufficient. The testator entered the Good Samaritan Hospital on October 28, 1928, and remained there until his death on December 24, 1928. The day nurse testified that during all of the time he was there he was in a stuporous. or semi-comatose condition, although along toward the latter part of November he was a little better. The night nurse gave virtually the same testimony, saying however, that his condition improved a bit after the first month. The attending physician, Dr. Gibbs, testified that in his opinion the patient was of unsound mind on November 7th and November 13th. Dr. Fishbaugh also testified that in his opinion the patient was of unsound mind on the 6th and 7th of November, and that his condition remained about stationary for two or three weeks thereafter. There are other details tending to confirm this testimony which it is unnecessary to set down, because it is obvious that the issue of incompetency was properly submitted to the jury. Other questions raised require no discussion.

Order affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 28, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1931.